UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| WILLIAM BROKAW PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-1162 |
| | ) | |
| CARRI SCHARF TRUCKING, INC., | ) | |
| an Illinois Corporation, and JOSEPH | ) | |
| A. SCHARF, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION

This matter is now before the Court on a Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 19) filed by Defendants Carri Scharf Trucking, Inc. ("CST") and Joseph A. Scharf ("Scharf") (referred to collectively as "Defendants"). For the reasons stated below, Defendants' Motion to Dismiss Plaintiff's Amended Complaint is DENIED.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as diversity of citizenship exists between Plaintiff and Defendants. Plaintiff is alleged to be a citizen of the State of Washington. (ECF No. 18 at ¶ 1). CST is an Illinois corporation with its principal place of business in Bloomington, McLean County, Illinois. *Id.* at ¶ 2, 3. Scharf is alleged to be a citizen of the State of Illinois. *Id.* at ¶ 5. Additionally, the amount in controversy is alleged to exceed $75,000.00. *Id.* at ¶ 8.

## PROCEDURAL HISTORY

Plaintiff William Brokaw Price, ("Plaintiff") filed a Complaint on May 13, 2019. (ECF No. 1). Defendants filed a Motion to Dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure ("Rule") 12(b)(1), 12(b)(6), 12(b)(7), and 19 on June 11, 2019, along with an Answer

to the Complaint. (ECF No. 6, 11). The Court heard oral arguments on the matter on August 20, 2019. After oral arguments, the Court denied Defendants' Motion to Dismiss and ordered Plaintiff to amend their Complaint. (Text Order 8/20/19). Specifically, the Court requested that Plaintiff include

> the date when Theodosia became Trustee, when the Trusts came into possession of the "Farm Tract" and "Mining Tract," when Plaintiff became owner of the "Farm Tract" and assignee of all claims or causes of action, as well as allege in good faith that Defendant Scharf actively participated, and include any portions of land that are referenced in the Complaint which may remain in the Trusts.

*Id.* On August 27, 2019, Plaintiff filed an Amended Complaint. (ECF No. 18). On September 10, 2019, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint under Rule 12(b)(6) or 12(e). (ECF No. 19). This Opinion follows.

**BACKGROUND**

The alleged facts contained in the Amended Complaint stem from a Contract for the Sale of Sand, Gravel, and Topsoil ("Contract") that Plaintiff's parents and CST entered into on or about January 7, 1997. (ECF No. 18 at ¶ 15). The Contract gave CST certain rights to mine and remove materials on what has been described as the "East Portion of the Farm Tract" or the "Mining Tract". *Id.* at ¶¶ 16, 23. The Contract attached to the Amended Complaint did not contain a map of the land at issue; however, the Court notes a map was referenced in the Contract. (ECF No. 18-1 at 1). Plaintiff's parents jointly owned certain real property, inclusive of both "East" and "West Portions of the Farm Tract." *Id.* at ¶ 12. Legal descriptions of both the "East" and "West Portions of the Farm Tract" are contained in the Amended Complaint. *Id.* at 17, 18

On July 11, 2003, Plaintiff's parents conveyed by warranty deed an undivided one-half interest of the "East Portion of the Farm Tract" to Plaintiff's father as Trustee of the William Brokaw Price Trust, and an undivided one-half interest of the "East Portion of the Farm Tract" to

2

Plaintiff's mother as Trustee of the Barbara Scott Price Trust (referred to collectively as "Trusts"). *Id.* at ¶ 17. The same was done for the "West Portion of the Farm Tract." *Id.* at ¶18. The land conveyed to the Trusts included the "Mining Tract." *Id.* at ¶ 19. Plaintiff's father passed away on August 26, 2010, and his mother passed away on September 8, 2017. *Id.* at ¶¶ 20, 21. On May 31, 2018, in her capacity of Trustee of the Trusts, Plaintiff's sister conveyed the "West Portion of the Farm Tract" to Plaintiff. *Id.* at ¶ 22. The "East Portion of the Farm Tract" or the "Mining Tract" remains the property of the Trusts. *Id.* at ¶ 24. Scharf is the current President, and past Secretary, of CST. *Id.* at ¶ 6.

In Count I, Plaintiff alleges that Defendants trespassed on the "West Portion of the Farm Tract" while mining. *Id.* at ¶ 32. "As part of its continuing trespass upon the West Portion of the Farm Tract, CST has caused economic damage…by means that include the removal of topsoil, diversion of the flow of run-off water, construction of a large swale and installation of pipes and related drainage infrastructure." *Id.* at ¶ 33. Plaintiff contends the trespass CST undertook on the "West Portion of the Farm Tract" was at the direction and control of Scharf and that he actively participated in the tort. *Id.* at ¶¶ 36, 37. In Count II, Plaintiff alleges Defendants entered upon the "West Portion of the Farm Tract" and converted for its own use topsoil and materials. *Id.* at ¶ 39. Plaintiff also states that this alleged conversion was conducted at the direction and control of Scharf and that he actively participated in the tort. *Id.* at ¶¶ 42, 43.

## STANDARD OF REVIEW

Dismissal under Rule 12(b)(6) is proper if a complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, which when accepted as true, states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Plausibility means alleging

3

factual content that allows a court to reasonably infer that the defendant is liable for the alleged misconduct. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plaintiff's claim must "give enough details about the subject matter of the case to present a story that holds together" to be plausible. *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). A court must draw all inferences in favor of the non-moving party. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993).

When evaluating a motion to dismiss, courts must accept as true all factual allegations in the complaint. *Ashcroft*, 556 U.S. at 678. However, the court need not accept as true the complaint's legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 555). Conclusory allegations are "not entitled to be assumed true." *Id.*

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must give fair notice of what the claim is and the grounds upon which it rests. *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776–77 (7th Cir. 2007). Fair notice is not enough by itself; in addition, the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

## ANALYSIS

### I. Statute of Limitations

Defendants argue that Plaintiff's Amended Complaint must be dismissed because it fails to allege specific dates when the trespass and conversion occurred. Defendants contend the dates are necessary in order to determine if Plaintiff's claims are time-barred. Plaintiff contends that he

4

is not required to plead facts bringing his claims outside the statute of limitations, and that it is up to Defendants to prove their affirmative defense that the claims are time-barred.

Dismissal under 12(b)(6) for failure to bring a claim within a statute of limitations is "irregular" because a plaintiff is not expected to anticipate and address affirmative defenses in the complaint. *U.S. v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) (noting that a complaint must only state a claim on which relief may be granted and need not "plead around defenses"); *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004). "A federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense." *Hollander v. Brown*, 457 F.3d 688, 691 (7th Cir. 2006). A plaintiff may, however, plead himself out of court by alleging facts that are sufficient to establish the defense." *Id.* Accordingly, where a defendant raises the statute of limitations as an affirmative defense at the motion to dismiss stage, a court can only dismiss a claim "when [the] complaint plainly reveals that an action is untimely under the governing statute of limitations." *Andonissamy v. Hewlett–Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)) (internal quotation omitted); *see also Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (statute of limitations is an affirmative defense). Moreover, if the plaintiff "omits the date at which the statutory period began to run, the defendant can supply that fact by an affidavit attached to [his] motion to dismiss." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993).

Here, Plaintiff was not required to provide information necessary to establish all the dates of alleged trespass and conversion. In fact, on its face, the Amended Complaint reveals that the torts are not time-barred. The Illinois statute of limitations for common law trespass and conversion claims is five years. *See Rosenthal v. City of Crystal Lake*, 525 N.E.2d 1176, 1184 (Ill.

App. Ct. 1988) (applying five-year limitations period to trespass to land); *Lease Resolution Corp. v. Larney*, 719 N.E.2d 165, 169–70 (Ill. App. Ct. 1999) (applying five-year limitations period to action for conversion). Plaintiff came into possession of the "West Portion of the Farm Tract" on May 31, 2018, and five years have not since lapsed. Therefore, Plaintiff's claims cannot be time-barred. Moreover, Defendants have failed to attach an affidavit to their Motion to Dismiss attesting that the statute of limitations has run. Therefore, Plaintiff has not pleaded himself out of Court, and dismissal on this ground is denied.

## II.     Corporate Officer's Liability

In Counts I and II, Plaintiff claims that Scharf directed, controlled, and actively participated in CST's trespass and conversion of the "West Portion of the Farm Tract." Defendants seek dismissal of Plaintiff's claim of trespass and conversion against Scharf claiming that his position as a corporate officer shields him from liability. This is the same argument Defendants made in their previous Motion to Dismiss, which the Court has already denied. (ECF No. 6, Text Order 8/20/2019). Nonetheless, for the sake of clarity, the Court has analyzed Defendants' argument.

A corporate officer could be liable for conversion where he actively participated therein. *Nat'l Acceptance Co. of Am. v. Pintura Corp.*, 418 N.E.2d 1114, 1116-17 (Ill. App. Ct. 1981). While any participation in the tort does not necessarily subject an officer or director to individual liability, a person who "aids, abets, assists or directs the commission of a [tort] by another is liable*." Miller v. Simon*, 241 N.E.2d 697, 700 (Ill. App. Ct. 1968); *see Musikiwamba v. ESSI, Inc.,* 760 F.2d 740, 753 (7th Cir. 1985). In *Miller,* officers of a corporation were personally liable for trespass where they personally directed removal of trees, new topsoil had been removed, and directed placing gravel and a parking sign on plaintiff's two vacant lots. Moreover, "personal involvement" or "active participation" does not mean the corporate officer has to perform the

actual physical act that constitutes the violation to be held liable. *People ex rel. Ryan v. Agpro, Inc.,* 803 N.E.2d 1007, 1018 (Ill. App. Ct. 2004), aff'd, 824 N.E.2d 270 (Ill. 2005).

Here, Plaintiff alleges that CST committed trespass and conversion under the direction and control of Scharf, and that Scharf actively participated in the torts. Similar to the above-referenced cases, Plaintiff claims that Scharf directed the commission of these torts. At this stage, Plaintiff does not need to include a specific instance when Scharf "was present on the property," "told…anyone else they were acting under orders from Scharf," "correspond[ed]…[or] took responsibility for any alleged actions of any employee or agent of CST." (ECF No. 19 at ¶ 22). This information may come to fruition in discovery. Furthermore, such a heightened pleading standard is typically reserved for cases where fraud is alleged. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (Under Rule 9(b), the circumstances supporting allegations of fraud and mistake must be pled "with particularity…[t]he "circumstances" include "the who, what, when, where, and how: the first paragraph of any newspaper story."); *See* FED. R. CIV. P. 9(b). Since fraud is not being alleged here, there is no need for Plaintiff to describe with particularity at the pleading stage "what, when, where, and how" Scharf actively participated and directed CST to perform the alleged trespass and conversion.

Accordingly, the Court denies Defendants' Motion to Dismiss Plaintiff's claims against Scharf under Rule 12(b)(6).

### III. More Definite Statement

Defendants have requested, in the alternative, that the Court order Plaintiff to provide a more definite statement to include specific dates of trespass and conversion in order to determine if a valid statute of limitations defense is appropriate. Defendants also request that the Court order Plaintiff to adequately allege that Scharf actively participated in the torts.

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). This section is intended to apply "... only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question." *Id.*

As noted above, the Court finds that Plaintiff does not need to include specific dates of trespass and conversion because Plaintiff is not required to address affirmative defenses, such as statute of limitations, in the Amended Complaint. The Court also finds that Plaintiff adequately alleged that Scharf actively participated in the torts. Accordingly, Defendants' request for a more definite statement is denied.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss [19] is DENIED.

ENTERED this 1st day of October, 2019.

                                                                             /s/ Michael M. Mihm
                                                                               Michael M. Mihm
                                                                     United States District Judge