IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| WILLIAM BROKAW PRICE, SHARON PRICE, and WINDFALL PROPERTIES, LLC,<br>    Plaintiffs, | Case No. 1:19-cv-01162-MMM-JEH |
| v. | |
| CARRI SCHARF TRUCKING, INC., JOSEPH A. SCHARF, and CARRI SCHARF MATERIALS,<br>    Defendants. | |
| ------------------------------------------------- | |
| CARRI SCHARF TRUCKING, INC., an Illinois Corporation,<br>    Counter-Plaintiff, | |
| v. | |
| WILLIAM BROKAW PRICE,<br>    Counter-Defendant. | |
| ------------------------------------------------- | |
| CARRI SCHARF TRUCKING, INC., an Illinois Corporation,<br>    Third-Party Plaintiff, | |
| v. | |
| THEODOSIA PRICE,<br>    Third-Party Defendant. | |

1

## Order

Now before the Court are the Plaintiff William Brokaw Price, Sharon Price, and Windfall Properties, LLC's Motion for Leave to File Third Amended Complaint (Doc. 225) and Defendant Carri Scharf Trucking, Inc., Joseph A. Scharf, and Carry Scharf Materials Company's Motion to Extend Dispositive Motion Deadline (Doc. 230). The Motions are fully briefed and for the reasons set forth *infra*, the Plaintiffs' Motion is GRANTED, and the Defendants' Motion is MOOT.

## I

The original Complaint in this case was filed on May 13, 2019, against Defendants Carri Scharf Trucking, Inc. (CST) and Joseph A. Scharf, CST's current president and past secretary. Among other claims, a breach of contract claim was made against CST. As the Plaintiffs summarize it in the instant Motion for Leave:

> Under the terms of the Contract, in exchange for the payment of royalties, CST was granted the right to mine on real property owned by Plaintiff William Brokaw Price's predecessors in title. In addition, CST was required under the Contract to engage in certain restoration and reclamation activities with respect to the Property.

Plfs' Motion (Doc. 225 at pg. 2). Defendant Carri Scharf Materials Company (CSM), which at the time it was added as a Defendant was described to be a sister company of Defendant CST for which Defendant Joseph A. Scharf served as president and was at least its partial owner[1], was added to the case in August 2021.

The original discovery schedule in this case was adopted in October 2019, though its deadlines have been extended several times throughout the pendency of this case. Ultimately, the amendment of pleadings deadline as to the underlying

---

[1] *See* Plf Price's Motion for Leave to Amend the First Amended Complaint and for Leave to Join Additional Parties (Doc. 61).

2

complaint (versus the counterclaim and third-party complaint) passed on November 1, 2020.[2]

The Plaintiffs now state that during the course of fact discovery, they learned that CSM was the entity that actually performed the obligations of CST under the Contract. More specifically, they state that they did not become fully aware of the facts giving rise to the "new" claim until after Defendant Joseph A. Scharf's deposition which occurred on January 24, 2022, with the transcript becoming available on February 6, 2022. They accordingly seek to amend to add one sentence (in their third claim for breach of contract against CST and in their fourth claim for anticipatory breach of contract against CST) that in the alternative, CST either expressly or impliedly assigned the Contract to CSM.

## II

### A

The Defendants oppose the Plaintiffs' request to amend at this time, pointing out the Plaintiffs' Motion is well beyond the expiration of the deadline for amendments. Indeed, at this stage of the case, after the parties' deadline to amend the pleadings has expired, the Plaintiffs must show "good cause" to amend their complaint.[3] FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *Trustmark Ins. Co. v. Gen. & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005) ("To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause'"). Good cause requires a showing of diligence by the party seeking the amendment. *Trustmark Ins. Co.*, 424 F.3d at 553.

---

[2] Per the Court's November 2, 2020 Text Order, this deadline was extended to end of business on November 2, 2020 given that the unopposed Motion for Extension of Discovery Deadlines was not granted until that date.
[3] The Plaintiffs only argue that they should be permitted to amend pursuant to Federal Rule of Civil Procedure 15.

The heightened good-cause standard of Rule 16(b)(4) is applied before considering whether the requirements of Federal Rule of Civil Procedure 15(a)(2) are satisfied. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719-20 (7th Cir. 2011).

The Plaintiffs' instant request was made more than 16 months after the amendment of pleadings deadline and just weeks before the dispositive motion deadline. However, the Plaintiffs made the instant request only weeks after the time they became fully aware of the facts giving rise to their "new" claim – Joseph A. Scharf's deposition. In the grand scheme of things, the Plaintiffs acted diligently in seeking to amend. This case has been pending since May 2019 with the parties actively engaged in discovery for a very long time. Tellingly, all the Defendants can say in terms of timing is that the Plaintiffs' Motion is well beyond the expiration of the deadline for amendments; the Defendants make no arguments with regard to the timing of Joseph A. Scharf's deposition nor to the time that elapsed between that deposition and the Plaintiffs' filing of their Motion for Leave. The Court also appreciates the Plaintiffs' articulated hesitation to plead certain allegations they did not earlier believe could be plead in good faith. *See* FED. R. CIV. P. 11(b)(3) (providing that by presenting to the court a pleading by, among other ways, signing and filing it, an attorney certifies to the best of the attorney's "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery"); *see also* FED. R. CIV. P. 11(c) (providing that a court may impose sanctions on an attorney that violated Rule 11(b)).

### B

Given the fact that the Plaintiffs argue their Motion for Leave should be allowed pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court next

considers their arguments in that regard. Rule 15(a)(2) provides in relevant part that the Court should freely give leave to a party to amend its pleading "when justice so requires." FED. R. CIV. P. 15(a)(2). However, leave to amend may be denied where there is undue delay, bad faith on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party if the amendment is allowed, or futility. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citations omitted). The Defendants argue that there is no information identified in the Plaintiffs' Motion for Leave to support their contentions or to call Joseph A. Scharf's testimony into question.

    The Defendants do not specifically argue any of the reasons for why the Plaintiff's Motion should be denied under Rule 15(a)(2). Moreover, the Defendants support their opposition to the Plaintiff's Motion by highlighting, as the Plaintiffs put it, only self-serving testimony from Joseph A. Scharf at his deposition. In their Reply (Doc. 232), the Plaintiffs elaborate upon the facts learned during discovery and during the deposition of Joseph Scharf that they argue support their amendment. The Court will not deny the Plaintiff's Motion for Leave based upon a lackluster response to the request from the Defendants, particularly where the Plaintiffs provided a more robust citation to evidence in their Reply as support for the amendment. Significantly, the Defendants filed a Motion to Extend Dispositive Motion Deadline (Doc. 230) in which they argued that the still-pending Motion for Leave was a reason to extend the March 28, 2022 deadline for filing dispositive motions, yet the Defendants went ahead and filed their Motion for Summary Judgment (Doc. 236) on that date. The fact that they went ahead and did so indicates they did not believe the Plaintiffs' amendment would so change the landscape of the case that they had to refrain from moving forward with a summary judgment motion. In light of the foregoing and the fact that Rule 15(a)(2) sets forth a "*liberal* standard for amending pleadings," the

Plaintiffs' Motion for Leave is granted. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) (emphasis added).

### III

As for the Defendants' Motion to Extend Dispositive Motion Deadline, the Plaintiffs filed a Response (Doc. 252) thereto in which they state the Motion appears to now be moot as the Defendants filed a Motion for Summary Judgment and any further extension of the dispositive motion deadline would be contrary to the express agreement of the parties. The Court finds the Motion to Extend now moot given that the Defendants proceeded to file their Motion for Summary Judgment on March 28, 2022.

### IV

For the reasons set forth *supra*, Plaintiff William Brokaw Price, Sharon Price, and Windfall Properties, LLC's Motion for Leave to File Third Amended Complaint (Doc. 225) is GRANTED, and the Defendant Carri Scharf Trucking, Inc., Joseph A. Scharf, and Carry Scharf Materials Company's Motion to Extend Dispositive Motion Deadline (Doc. 230) is MOOT. The Clerk is directed to docket the Plaintiffs' Third Amended Complaint (Doc. 225-1). The Defendants must respond to the Third Amended Complaint in accordance with Federal Rule of Civil Procedure 15(a)(3). *See* Civil LR 7.1(E).

*It is so ordered.*

Entered on April 7, 2022.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE