UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| William Brokaw Price, Sharon Price, and Windfall Properties, LLC,<br>　　　　　　Plaintiffs<br>　vs.<br><br>Carri Scharf Trucking, Inc., an Illinois Corporation, Carri Scharf Materials Company, an Illinois Corporation, and Joseph A. Scharf,<br>　　　　　　Defendants. | Case No. 19 cv 1162<br>Motion to Exclude Portions<br>of Expert Report & Testimony |

## MOTION IN LIMINE ON DEFENSE OBJECTIONS TO PROPOSED EXHIBITS

Pursuant to Fed. R. Evid. 106, 401, 402, 403, 404. 407, 408, 801 and 802, the parol evidence rule, applicable case law and Local Rules 7.1 and 16.1(E) of the U.S. District Court for the Central District of Illinois, Defendants Carri Scharf Trucking, Inc., Carri Scharf Materials Company, and Joseph A. Scharf, by and through their attorney, Marvel Law PC, brings this motion to exclude a number of proposed exhibits and evidence at trial, and in support states as follows:

1. Plaintiffs propose to introduce four exhibits from February and March of 1997 (Proposed Plaintiffs' Exhibits 4, 6-8 *attached heretofore*). They should be precluded under both the parol evidence rule and FRE 403.

    a. These proposed exhibits violate the parol evidence rule, as the Court has previously found there is no ambiguity in the Contract language over what the parties were required to perform. *See* ECF No. 274, pp. 13-16.

        i. These four exhibits purport to be evidence of understandings not reflected in the Contract, reached before or at the time of its execution, which Plaintiffs wish to introduce to show a variation or modification of the actual language of the Contract.

        ii. "[The parol evidence] rule generally precludes evidence of understandings, not reflected in a writing, reached before or at the time of its execution which would vary

or modify its terms." *J & B Steel Contractors, Inc. v. C. Iber & Sons, Inc.*, 162 Ill.2d 265, 270, 642 N.E.2d 1215, 1217 (1994).

   iii. Proposed Plaintiffs' Exhibits 4 and 6-8 should be excluded under the parol evidence rule.

 b. Additionally, and even if these exhibits do not violate the parole evidence rule, under a traditional 403 balancing test these exhibits provide only trivial probative value to the issues at hand, and that is substantially outweighed with the potential for misleading or confusing the jury about what contractual obligations are relevant to their analysis and deliberations. Proposed Plaintiffs' Exhibits 4 and 6-8 should be excluded under FRE 403.

2. Plaintiffs propose to introduce an exhibit from 1997 (Proposed Plaintiffs' Exhibit No. 5 *attached heretofore*) that is irrelevant to the instant matter, and will cause confusion to the issues before the jury. It should be precluded under FRE 401 and 402, as well as FRE 403.

 a. The proposed exhibit is "IDNR Statement Permit No. 6," dated March 3, 1997.

 b. While Defendants do not dispute that under the Court's finding that breaching the requirements of "any regulatory agency," ECF No. 274, p. 14, that would include IDNR Statement Permit No. 6. Accordingly, if pursuant to the Court's ruling Defendants were accused of breaching the requirements of Statewide Permit No. 6, Defendants agree that this exhibit would be relevant.

 c. However, while dozens upon dozens of mentions of Statewide Permit No. 7 are included in the complaint and extensive deposition testimony, no allegations in the 3rd Amended Complaint, ECF No. 254, surround any potential violation of Statewide Permit No. 6, and a review of deposition transcripts of the siblings, the siblings' experts, and Defendant Joe Scharf do not show a single mention of Statewide Permit No. 6.

 d. Proposed Plaintiffs' Exhibit 5 should be excluded as it has no tendency to make a fact of consequence more or less probable than it would be without the evidence.

    e. Additionally, Proposed Plaintiffs' Exhibit 5 should be excluded under a traditional 403 balancing test, as there is probative value to the issues at hand, yet substantial danger of misleading or confusing the jury exists. FRE 403 requires exclusion.

3. Plaintiffs propose to introduce a number of exhibits, one from 1997 and four from 2003-2008, that purport to show "violations" by Defendants in the performance of the Contract. (Proposed Plaintiffs' Exhibits No. 12, 13, 15, and 19 *attached heretofore*). They should be precluded under FRE 401 and 402, 404(b), and 403.

    a. All of these proposed exhibits are irrelevant, as even if they were a breach of the contract, they cannot be considered material and must be treated as only partial breaches, as at no time did Plaintiff repudiate the contract and instead treated the breach as partial and elected to continue the Contract. *See PML Dev. LLC v. Vill. of Hawthorn Woods*, 2023 IL 128770, ¶¶ 52-54.

    b. As they cannot be considered a material breach for purposes of the breach of contract claim, they have no tendency to make any fact of consequence more or less probable than it would be without the evidence and should be precluded from evidence as irrelevant under FRE 401 and 402.

    c. Additionally, FRE 404(b) precludes evidence of prior wrongs or acts in order to prove the character of Defendants. As these exhibits are not relevant to the issues at hand, either any later breach or later trespass or conversion, they could only attempt to show that Defendants acted in accordance with the alleged bad character. They violate FRE 404(b) and should be precluded from evidence.

    d. Last, they should be excluded under FRE 403 as they have no probative value, yet substantial danger of misleading or confusing the jury exists if they would be introduced. As such, they should be excluded under FRE 403.

4. Plaintiffs propose to introduce five exhibits (Proposed Plaintiffs' Exhibits No. 16, 63, 88, 108, and 119 *attached heretofore as Exhibit #4*) that were produced in discovery in the form of a mortgage, invoices, and a financial report, but introduced in discovery for the purposes of showing potential damages to Defendants pursuant to their Counter and Third-Party claims

3

that have since been dismissed on summary judgment. *See* ECF No. 274. The exhibit should be precluded under FRE 401 and 401, and FRE 403.

   a. The exhibits are irrelevant, as they have no tendency to make any fact of consequence more or less probable than it would be without the evidence. They should be excluded as irrelevant under FRE 401 and 402.

   b. Additionally, they should be excluded under FRE 403 as they have no probative value, yet substantial danger of misleading or confusing the jury exists if they would be introduced. As such, they should be excluded under FRE 403.

5. Plaintiffs propose to introduce an exhibit from 2012 that purports to show Defendants being investigation for a violation of EPA regulations (Proposed Plaintiffs' Exhibit No. 21 *attached heretofore*). The exhibit should be precluded under FRE 801 and 802, 401 and 402, 404(b), 407, and 403.

   a. The proposed letter contains hearsay statements from the declarant, one Jennifer O'Hearn, offered by Plaintiffs to prove that Defendants were in violation of an EPA regulation.

      i. At no point have Plaintiffs offered any exception for why this proposed exhibit does not qualify as hearsay, or any exception for why it should be introduced as evidence even if it is hearsay.

      ii. At no point has any additional discovery been tendered that purports to show the resolution of this alleged violation, or any final determination by the EPA

      iii. Further, at no point was Jennifer O'Hearn called for deposition nor has she been noticed under Fed. R. Civ. P. 26(a)(1) as a potential witness.

      iv. The proposed exhibit should be precluded from evidence as hearsay.

   b. Even if the Court finds Proposed Exhibit No. 21 is not hearsay, it has no tendency to make any fact of consequence more or less probable than it would be without the evidence.

  i. Plaintiffs contend the breach of contract occurred at the expiration of the term of contract, 2010. See ECF No. 264, UMF 26; see also ECF No. 269.

  ii. If "[a] party that fails to perform its contractual duties is liable for breach of contract, and a material breach of the terms of the contract will serve to excuse the other party from its duty of counter performance," *Finch v. Illinois Cmty. Coll. Bd.*, 315 Ill.App.3d 831, 836, 734 N.E.2d 106 (2000), there can be no additional material breach, as in order for a material breach to be found the Contract must have been repudiated. *See PML Development LLC*, 2023 IL 128770.

  iii. Black's Law Dictionary defines "repudiation" as: "A contracting party's words or actions that indicate an intention not to perform the contract in the future…." Black's Law Dictionary 1496 (10th ed. 2014). If the Contract was properly repudiated, any previously remaining obligations under the Contract no longer bind the parties and any potential additional material breaches after the fact have no probative value on whether the first material breach occurred.

  iv. Only if the injured party chooses to treat the material breach as partial do the parties continue to be bound by their obligation to perform. *See* Dustman, 2021 IL App (4th) 210157, 192 N.E.3d 47.

  v. Under FRE 401 and 402, the proposed exhibit should be precluded from evidence.

c. Additionally, FRE 404(b) precludes evidence of prior wrongs or acts in order to prove the character of Defendants. As this exhibit is not relevant to the issues at hand on the alleged material breach in 2010, it could only attempt to show that Defendants acted in accordance with the alleged bad character specific to the trespass and conversion claims which post-dated the time of this proposed exhibit. Proposed Exhibit No. 21 violates FRE 404(b) and should be precluded from evidence.

d. Oddly enough, the proposed introduction of this exhibit also violates FRE 407 on subsequent remedial measures. Any evidence that shows Defendants engaged in any conduct that could potentially make any earlier injury, due to the alleged breach, less likely to occur is inadmissible.

    e. Last, it should be excluded under FRE 403 as it has no probative value on the material breach, yet substantial danger of misleading or confusing the jury exists if it would be introduced. As such, it should be excluded under FRE 403.

6. Plaintiffs propose to introduce three exhibits (Proposed Plaintiffs' Exhibits No. 22, 23 and 26 *attached heretofore*). They are correspondences from 2013, purporting to show a "violation" on the setback measurement on the west bank of the lake. They should be precluded under FRE 401 and 402, 404(b), 407, and finally 403.

    a. The three exhibits have no tendency to make any fact of consequence more or less probable than it would be without the evidence.

        i. Plaintiffs contend the breach of contract occurred at the expiration of the term of contract, 2010. See ECF No. 264, UMF 26; see also ECF No. 269.

        ii. Once a material breach has occurred, any potential additional material breaches after the fact have no probative value on whether the first material breach occurred. *Supra*, ¶ 5 (b).

        iii. Under FRE 401 and 402, the proposed exhibit should be precluded from evidence.

    b. Additionally, FRE 404(b) precludes evidence of prior wrongs or acts in order to prove the character of Defendants. As these exhibits are not relevant to the issues at hand, they could only attempt to show that Defendants acted in accordance with the alleged bad character specific to the trespass and conversion claims which post-dated the time of this proposed exhibit. Proposed Exhibits No. 22, 23, and 26 violate FRE 404(b) and should be precluded from evidence.

    c. As before, the proposed introduction of these exhibits also violates FRE 407 on subsequent remedial measures, as any evidence that shows Defendants engaged in any conduct that could potentially made any earlier injury less likely to occur is in admissible.

    d. Last, they should be excluded under FRE 403 as it they have no probative value, and substantial danger of misleading or confusing the jury exists if they would be introduced. As such, they should be excluded under FRE 403.

7. Plaintiffs propose to introduce two exhibits (Proposed Plaintiffs' Exhibits No. 24 and 25 *attached heretofore*) that contain purported text messages between Plaintiff Brokaw Price and Defendant Joseph Scharf in 2013, and text messages between Plaintiff Brokaw Price and Mark Tremper (a former employee of CST). They should be precluded from evidence under FRE 106, 801 and 802, 401 and 402, 404(b), 407, and 403.

   a. The single biggest flaw with these two pieces of proposed evidence is they are purported text conversations, but reference no less than 6 images that were attached and formed the basis of the conversation. Those 6 images no longer exist or were not produced in discovery. Under FRE 106, they should not be allowed into evidence without the complete picture of what the conversation purports to be.

   b. Additionally, the proposed text messages contain numerous hearsay statements, offered by Plaintiffs to prove that Defendants were engaged in moving dirt from the farm tract to the mining tract.

      i. At no point have Plaintiffs offered any exceptions for why this proposed exhibit does not qualify as hearsay, or any exception for why it should be introduced as evidence even if it is hearsay.

      ii. The proposed exhibits should be precluded from evidence as hearsay under FRE 801 and 802.

   c. Even if the Court finds Proposed Exhibits No. 24 and 25 are not hearsay, they have no tendency to make any fact of consequence more or less probable than it would be without the evidence.

      i. Plaintiffs contend the breach of contract occurred at the expiration of the term of contract, 2010. See ECF No. 264, UMF 26; see also ECF No. 269.

      ii. Once a material breach has occurred, any potential additional material breaches after the fact have no probative value on whether the first material breach occurred. *Supra*, ¶ 5 (b).

      iii. Under FRE 401 and 402, the proposed exhibits should be precluded from evidence.

    d. Additionally, FRE 404(b) precludes evidence of prior wrongs or acts in order to prove the character of Defendants. As these exhibits are not relevant to the issues at hand, they could only attempt to show that Defendants acted in accordance with the alleged bad character specific to the trespass and conversion claims which post-dated the time of this proposed exhibit. Proposed Exhibits No. 24 and 25 violate FRE 404(b) and should be precluded from evidence.

    e. The proposed introduction of this exhibit also violates FRE 407 on subsequent remedial measures, as any evidence that shows Defendants engaged in any conduct that could potentially made any earlier injury less likely to occur is in admissible.

    f. Last, they should be excluded under FRE 403 as they have very little probative value, if any, yet substantial danger of misleading or confusing the jury exists if they would be introduced. Additionally, the exhibits all purport to show the same conduct, so even if they pass the test of all other objections herein, they are cumulative in nature. As such, they should be excluded under FRE 403.

8. Plaintiffs propose to introduce an exhibit (Proposed Plaintiffs' Exhibit No. 27 *attached heretofore*). The exhibit should be precluded under FRE 801 and 802, 401 and 402, 404(b), 407, and FRE 403.

    a. The proposed exhibit, another email from 2013, contains numerous hearsay statements, offered by Plaintiffs to prove that Defendants were engaged in work on the "farm tract."

        i. At no point have Plaintiffs offered any exceptions for why this proposed exhibit does not qualify as hearsay, or any exception for why it should be introduced as evidence even if it is hearsay.

        ii. The proposed exhibits should be precluded from evidence as hearsay.

    b. Even if the Court finds Proposed Exhibit No. 27 is not hearsay, it has no tendency to make any fact of consequence more or less probable than it would be without the evidence.

        i. Plaintiffs contend the breach of contract occurred at the expiration of the term of contract, 2010. See ECF No. 264, UMF 26; see also ECF No. 269.

    ii. Once a material breach has occurred, any potential additional material breaches after the fact have no probative value on whether the first material breach occurred. *Supra*, ⁋ 5 (b).

    iii. Under FRE 401 and 402, the proposed exhibit should be precluded from evidence.

c. Additionally, FRE 404(b) precludes evidence of prior wrongs or acts in order to prove the character of Defendants. As this exhibit is not relevant to the issues at hand, it could only attempt to show that Defendants acted in accordance with the alleged bad character specific to the trespass and conversion claims which post-dated the time of this proposed exhibit. Proposed Exhibit No. 27 violates FRE 404(b) and should be precluded from evidence.

d. The proposed introduction of this exhibit also violates FRE 407 on subsequent remedial measures, as any evidence that shows Defendants engaged in any conduct that could potentially made any earlier injury less likely to occur is in admissible.

e. Last, it should be excluded under FRE 403 as it has very little probative value, if any, yet substantial danger of misleading or confusing the jury exists if it would be introduced. As such, it should be excluded under the 403-balancing test.

9. Plaintiffs propose to introduce an exhibit (Proposed Plaintiffs' Exhibit No. 28 *attached heretofore*). The exhibit should be precluded under FRE 106, 801 and 802, 401 and 402, 404(b), 407, and 403.

a. A similar flaw with this piece of proposed evidence, emails from 2013-2014, to some earlier mentioned, is they are conversations, but reference images that were attached and formed the basis of the conversation. Those images no longer exist or were not produced in discovery. Under FRE 106, they should not be allowed into evidence without the complete picture of what the conversation purports to be.

b. The proposed emails also contain hearsay statements, offered by Plaintiffs to prove that Defendants were engaged in work on the west side of the lake.

      i. At no point have Plaintiffs offered any exceptions for why this proposed exhibit does not qualify as hearsay, or any exception for why it should be introduced as evidence even if it is hearsay.

      ii. The proposed exhibit should be precluded from evidence as hearsay.

c. Even if the Court finds Proposed Exhibit No. 28 is not hearsay, it has no tendency to make any fact of consequence more or less probable than it would be without the evidence.

      i. Plaintiffs contend the breach of contract occurred at the expiration of the term of contract, 2010. See ECF No. 264, UMF 26; see also ECF No. 269.

      ii. Once a material breach has occurred, any potential additional material breaches after the fact have no probative value on whether the first material breach occurred. *Supra*, ¶ 5 (b).

      iii. Under FRE 401 and 402, the proposed exhibit should be precluded from evidence.

d. Additionally, FRE 404(b) precludes evidence of prior wrongs or acts in order to prove the character of Defendants. As this exhibit is not relevant to the issues at hand on the alleged material breach in 2010, it could only attempt to show that Defendants acted in accordance with the alleged bad character specific to the trespass and conversion claims which post-dated the time of this proposed exhibit. Proposed Exhibit No. 28 violates FRE 404(b) and should be precluded from evidence.

e. The proposed introduction of this exhibit also violates FRE 407 on subsequent remedial measures, as any evidence that shows Defendants engaged in any conduct that could potentially made any earlier injury less likely to occur is in admissible.

f. Last, it should be excluded under FRE 403 as it has no probative value to the issues at hand, yet substantial danger of misleading or confusing the jury exists if it would be introduced. As such, it should be excluded under FRE 403.

10. Plaintiffs propose to introduce an exhibit (Proposed Plaintiffs' Exhibit No. 31 *attached heretofore*) The exhibit should be precluded under FRE 801 and 802, 401 and 402, FRE 404(b), 407, and the FRE 403 balancing test.

    a. The proposed exhibit, an email from 2015, contains hearsay statements, offered by Plaintiffs to prove that Defendants were engaged in work attempting to bring additional top soil onto the property.

        i. At no point have Plaintiffs offered any exceptions for why this proposed exhibit does not qualify as hearsay, or any exception for why it should be introduced as evidence even if it is hearsay.

        ii. The proposed exhibit should be precluded from evidence as hearsay under FRE 801 and 802.

    b. Even if the Court finds Proposed Exhibit No. 31 is not hearsay, it has no tendency to make any fact of consequence more or less probable than it would be without the evidence.

        i. Plaintiffs contend the breach of contract occurred at the expiration of the term of contract, 2010. See ECF No. 264, UMF 26; see also ECF No. 269.

        ii. Once a material breach has occurred, any potential additional material breaches after the fact, here in 2015, have no probative value on whether the first material breach occurred. *Supra*, ¶ 5 (b).

        iii. Under FRE 401 and 402, the proposed exhibit should be precluded from evidence.

    c. Additionally, FRE 404(b) precludes evidence of prior wrongs or acts in order to prove the character of Defendants. As this exhibit is not relevant to the issues at hand of the alleged material breach in 2010, it could only attempt to show that Defendants acted in accordance with the alleged bad character specific to the trespass and conversion claims which post-dated the time of this proposed exhibit. Proposed Exhibit No. 31 violates FRE 404(b) and should be precluded from evidence.

    d. The proposed introduction of this exhibit also violates FRE 407 on subsequent remedial measures, as any evidence that shows Defendants engaged in any conduct in 2015 that could potentially make any earlier injury less likely to occur is in admissible.

    e. Last, it should be excluded under FRE 403 as it has very little probative value, if any, yet substantial danger of misleading or confusing the jury exists if it would be introduced. As such, it should be excluded under FRE 403.

11. Plaintiffs propose to introduce an exhibit (Proposed Plaintiffs' Exhibit No. 41 *attached heretofore*). The exhibit should be precluded as it is not relevant under FRE 401 and 402, is improper 404(b) evidence, is improper 407 evidence, and any probative value is substantially outweighed by the danger of prejudice under FRE 403 as well.

    a. The proposed exhibit, text messages from 2016, have no tendency to make any fact of consequence more or less probable than it would be without the evidence.

        i. Plaintiffs contend the breach of contract occurred at the expiration of the term of contract, 2010. See ECF No. 264, UMF 26; see also ECF No. 269.

        ii. Once a material breach has occurred, any potential additional material breaches after the fact have no probative value on whether the first material breach occurred. *Supra*, ¶ 5 (b).

        iii. Under FRE 401 and 402, the proposed exhibit should be precluded from evidence.

    b. Additionally, 404(b) precludes evidence of prior wrongs or acts in order to prove the character of Defendants. As this exhibit is not relevant to the issues at hand of the alleged material breach in 2010, it could only attempt to show that Defendants acted in accordance with the alleged bad character specific to the trespass and conversion claims which post-dated the time of this proposed exhibit. Proposed Exhibit No. 41 violates FRE 404(b) and should be precluded from evidence.

    c. As before, the proposed introduction of this exhibit also violates FRE 407 on subsequent remedial measures, as any evidence that shows Defendants engaged in any conduct that could potentially made any earlier injury less likely to occur is in admissible.

    d. Last, it should be excluded under FRE 403 as it has no probative value, and substantial danger of misleading or confusing the jury exists if it would be introduced. As such, it should be excluded under FRE 403.

12. Plaintiffs propose to introduce two exhibits (Proposed Plaintiffs' Exhibits No. 52 and No. 104 *attached heretofore*). They should be precluded from evidence as impermissible settlement negotiations under Rule 408.

    a. Fed. R. Evid. 408 (a) provides that evidence of settlement negotiations is not admissible "either to prove or disprove the validity or amount of a disputed claim…." *Sandy Alexander, Inc. v. Manroland, Inc*., No. 19 C 2461, 2020 WL 902891, at *5 (N.D. Ill. Feb. 25, 2020.

    b. Additional precedent further outlines considerations whether settlement material should be struck under Fed. R. Evid. 408:

> The court asked three questions: (1) whether the letter was written in an effort to settle the parties' dispute; (2) whether the plaintiff wanted to use the letter to establish the defendant's liability; and (3) whether the letter concerned liability that the defendant had otherwise admitted. [citation]; *see also Geary v. Motel Props., Inc. No. 06 C 225*, 2006 WL 1344015, at * 1 (S.D.Ind. May 16, 2006) ("This court is of the belief that allowing the use of compromise materials in pleadings runs against the intent of F.R.E. 408 to encourage settlement discussions at all points of a dispute.") [This] analysis is consistent with both the language and purpose of Rule 408.

*Trading Techs. Int'l, Inc. v. BCG Partners, Inc*., 10 C 715, 2011 WL 3946581, at *2 (N.D. Ill. Sept. 2, 2011) (citing *Fid. Nat'l Title Co. v. Law Title Ins. Co.*, No. 04 C 6382, 2005 WL 1126899, at *5–7 (N.D. Ill. May 3, 2005)).

    c. Other courts consider if the settlement discussions relate to the current litigation or if prior litigation was where the negotiations originated. *See Ciolli v. Iravani*, 625 F. Supp. 2d 276, 289 (E.D. Pa. 2009) (citing *Zurich Am. Ins. Co. v. Watts Indus., Inc*., 417 F.3d 682, 689 (7th Cir. 2005) ("courts must consider the spirit and purpose of [FRE 408] and decide whether the need for the settlement evidence outweighs the potentially chilling effect on future settlement negotiations" and that this "balance is especially likely to tip in favor of

13

    admitting evidence when the settlement communications at issue arise out of a dispute distinct from the one for which the evidence is being offered")

    d.  The proposed exhibits are two letters written from Defendants' counsel to Plaintiffs'' prior counsel in 2017. No other parties are copied or attached to the letters, and they discuss various options for settling the ongoing dispute. The settlement letters are directly related to the instant dispute before this Court. There has been no prior litigation or disputes between the parties. Striking these settlement negotiations is appropriate.

    e.  The two settlement letters should be excluded from evidence under FRE 408.

13. Plaintiffs propose to introduce an exhibit (Proposed Plaintiffs' Exhibit No. 54 *attached heretofore*) over Defendants' previous objections that it constitutes protected work product. *See* ECF No. 166.

14. Plaintiffs propose to introduce three exhibits (Proposed Plaintiffs' Exhibits No. 106, No. 107 and No. 121) that are the subject of Defendants' Motion to Exclude Expert Reports and Testimony, ECF No. 281, and objects to those exhibits as evidence subject to the arguments therein.

15. Plaintiffs propose to introduce a number of photographs and maps into evidence as part of their Proposed Plaintiffs' Exhibit List, including Exhibits No. 61, 111, 112, 113, but despite requests have provided no date the photos were taken, who took the photos, any original email or text they may have been attached to, or any other identifying information that would help the parties, the Court, and the jury determine what they would be relevant for under FRE 401 and 402, or whether they would confuse the jury pursuant to FRE 403.

    a.  As many of the issues in this case hinge on the condition of the property at very specific times during the last twenty-six years, it is crucial to only put evidence in front of the jury that can accurately depict, not only the condition of the property, but the specific time frame of any particular condition they are being shown.

    b.  There is significant risk that a photograph from 2020 but not labeled as such, for instance, would not only make it impossible for the jury to determine the applicable condition of any

real property in 2010, but potentially mislead them into making a determination on the condition of the property during an inapplicable time period.

c. Dependent on what information can be provided on the date of any photographs potentially being admitted into evidence, Defendants are prepared to withdraw their objections.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Court exclude the proposed exhibits from trial, preclude testimony at trial on the same, and grant such other and further relief as it deems appropriate.

Dated: September 5, 2023
Bloomington, Illinois

        Respectfully submitted,

        Marvel Law, PC

        By:   /s/ Jonathan S. Scheib
        Jonathan S. Scheib– *Admitted Central District IL*
        Marvel Law PC
        221 East Front Street
        Bloomington, Illinois 61701
        Telephone: (309) 807-2885
        Facsimile: (309) 434-5475
        Email: marvellaw@richmarvel.com
        Email: jon@richmarvel.com
        *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2023, I electronically served the foregoing MOTION IN LIMINE ON DEFENSE OBJECTIONS TO EXHIBITS using the CM/ECF system which will send notification of such filing to the following: Mark D. Walton and Robert B. McCoy, Attorneys for Plaintiffs.

By:   /s/ Jonathan S. Scheib
Jonathan S. Scheib
Marvel Law PC
221 East Front Street
Bloomington, Illinois 61701
Telephone: (309) 807-2885
Facsimile: (309) 434-5475
Email: marvellaw@richmarvel.com
Email: jon@richmarvel.com