UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| William Brokaw Price, Sharon Price, and Windfall Properties, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> Carri Scharf Trucking, Inc., Joseph A. Scharf, and Carri Scharf Materials Company, <br><br> Defendants. <br> ---------------------------------------------------- <br> Carri Scharf Trucking, Inc., an Illinois Corporation, <br><br> Counter Plaintiff <br><br> vs. <br><br> William Brokaw Price, <br><br> Counter Defendant. <br> ---------------------------------------------------- <br> Carri Scharf Trucking, Inc., an Illinois Corporation, <br><br> Third-Party Plaintiff <br><br> vs. <br><br> Theodosia Price, <br><br> Third-Party Defendant | Case No. 19 cv 1162 |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' THIRD MOTION *IN LIMINE***

Pursuant to Local Rules 7.1(B)(2) and 16.1(E) of the U.S. District Court for the Central District of Illinois, Plaintiffs William Brokaw Price, Sharon Price, and Windfall Properties, LLC, by and through their attorneys, Miller, Hall & Triggs, LLC, hereby respond to the "Motion in

Limine to Preclude Improper Evidence, Testimony or Argument" (ECF Doc. #287) (hereinafter, the "Motion") filed in this cause by Defendants Carri Scharf Trucking, Inc., Joseph A. Scharf and Carri Scharf Materials Company. For their Response to the Motion, Plaintiffs state as follows:

1. **Defendants' Violations of Laws, Regulations, Orders, or Permits is Relevant to Defendants' Breach of the Contract.**

Defendants again assert that any alleged violation of applicable laws or regulations "preceding, or subsequent to any alleged material breach" are irrelevant because any such breaches can only be treated as "partial" where Plaintiffs did not repudiate the Contract at the time of such violation. As set forth in Plaintiffs' response to Defendants' second Motion *in Limine* (ECF Doc. # 296), this argument completely misses the mark. As previously stated, the partial breach doctrine does not convert a material breach into a non-material breach. Plaintiffs are entitled to recover their damages from any material breach regardless of whether they decide to repudiate upon breach or to continue the Contract. *See, PML Dev. LLC v. Vill. of Hawthorn Woods*, 2023 IL 128770, ¶ 52. The Contract required Defendants to comply with "all local, state or Federal regulations or orders with respect to the use of the premises." Therefore, any evidence tending to demonstrate Defendants failed to comply with such regulations is relevant to the breach alleged in this case. Evidence that the violations continued after the breach is also relevant as it tends to show not only that Defendants failed to comply with the Contract, but that they ignored Plaintiffs' efforts to gain compliance or to remediate the breach after the fact.

Moreover, Defendants have admitted the relevance of violations of local regulations by the proffer of their own evidence demonstrating certain violations were subsequently remedied. (*See* Defendants' Exhibit 8, attached as "**Exhibit 1**" hereto). If evidence that a violation has been remedied is relevant, then evidence of the underlying violation is necessarily relevant and admissible.

2

2. **Legal conclusions.**

In paragraph 2 of their Motion, Defendants seek to bar Plaintiffs, their counsel, and witnesses from presenting evidence, testimony, or argument during opening statements that characterize Defendants' conduct as a "breach," "trespass," or "conversion." (ECF Doc. #287, p. 2). As an initial matter, paragraph 2 of Defendants' Motion should be stricken in its entirety because Defendants failed to offer pertinent authority in support of their argument for exclusion of such evidence. It is well-established that arguments presented in the District Court without adequate support to pertinent authority are waived. *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived."). It is equally well-established that "a state court's opinion on an issue of federal law is entitled to no deference whatsoever." *Commodities Exp. Co. v. Detroit Int'l Bridge Co.*, 695 F.3d 518, 528 (6th Cir. 2012).

Defendants have cited no federal case or rule of evidence in support of their request to exclude this evidence, and thus they have waived this objection. Moreover, this objection is premature, as Defendants will have the opportunity at trial to object to improper statements made by witnesses. Nevertheless, Plaintiffs agree that they will not intentionally solicit testimony from witnesses that amounts to legal conclusions.

Defendants' motion to bar Plaintiffs' counsel from using the terms "breach," "trespass[ing]," or "conversion" in its opening statement is unreasonable. The claims in this case are for breach of contract, trespass, and conversion. It defies logic to bar Plaintiffs from making any reference to those claims in opening statements, and Defendants have provided no authority (federal or otherwise) supporting this request.

3. **Plaintiffs Are Entitled to Present Evidence that Defendants' Employees Acted with Direct or Apparent Authority and Defendants Are Thus Liable for the Conduct of Their Employees.**

Defendants next object to the introduction of evidence of "vicarious liability" or "apparent authority" for actions by Defendants' employees. (ECF Doc. #287, p. 3 of 5). Again, Defendants offer no authority to support this objection, and it should therefore be denied on that basis. *See*, paragraph 2 *supra*.

Moreover, it is well established that corporations may only act through their officers and agents, and the statements and conduct of such agents (including employees) may be considered to be the conduct of the Defendants. *Rasgaitis v. Waterstone Fin. Group, Inc.*, 2013 IL App (2d) 111112, ¶ 51. Malfeasance of an employee can result in either direct liability for the employer's own acts, or vicarious liability for the acts of the employee. *McNerney v. Allamuradov*, 2017 IL App (1st) 153515, ¶ 55. Therefore, Plaintiff should not be barred from introducing evidence that Defendants' employees were acting with apparent authority and thus that Defendants were bound by and liable for the conduct of such employees.

4. **Distinguishing the Area Subject to the Contract From the Remainder of Plaintiffs' Property Is Wholly Relevant to Understanding the Issues in This Case.**

Finally, Defendants seek to bar Plaintiffs from using terms such as "SUP Parcel," "Price Farm," "Farm Tract," or "Mining Tract" because these terms are not used or defined in the Contract. (ECF Doc. # 287, pp. 3 – 4 of 5). Once again, Defendants offer no authority to support their contention that this is grounds for excluding such terms, and their objection should be denied on that basis. *See*, paragraph 2 *supra.*

Additionally, while the Contract does not use those specific terms, it does contain a legal description of the property subject to the Contract, which is less than the entirety of the property owned by the Plaintiffs. The Special Use Permit likewise contains a description that clearly defines

the area to which it applies, and this area is also less than the entirety of the Price property. Thus, Plaintiffs cannot be barred from drawing a distinction between that portion of their property that was subject to the Contract and Special Use Permit and that portion that was not subject to the Contract and Special Use Permit.

Moreover, Defendants' argument turns FRE 403 on its head. FRE 403 provides that a court may exclude otherwise relevant evidence if its probative value is *substantially outweighed* by a danger of confusing the issues or misleading the jury. Fed. R. Evid. 403. Here, *excluding* the use of descriptive terms to distinguish the various land uses taking place on the Plaintiffs' property, i.e., to distinguish between that part of the Price property that was subject to the Contract and thus being mined (the "mining tract") and that portion that was not subject to the Contract and thus being farmed (the "farm tract"), creates a substantial danger of confusing or misleading the jury.

WHEREFORE, Plaintiffs, William Brokaw Price, Sharon Price and Windfall Properties, LLC, pray that the Court deny Defendants' Motion *in Limine* to Preclude Improper Evidence, Testimony or Argument (ECF Doc. #287) in its entirety.

Dated: September 13, 2023.

                                                William Brokaw Price, Sharon Price and
                                                Windfall Properties, LLC, Plaintiffs,

By:   /s/ Mark D. Walton
     Mark D. Walton – ARDC No. 6230482
     Robert B. McCoy – ARDC No. 6220393
     Miller, Hall & Triggs, LLC
     416 Main Street, Suite 1125
     Peoria, Illinois 61602
     Telephone: (309) 671-9600
     Email: mark.walton@mhtlaw.com
             robert.mccoy@mhtlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Richard T. Marvel and Jonathan S. Scheib.

                                                By:   /s/ Mark D. Walton
                                                    Mark D. Walton – ARDC No. 6230482
                                                    Robert B. McCoy – ARDC No. 6220393
                                                    Miller, Hall & Triggs, LLC
                                                    416 Main Street, Suite 1125
                                                    Peoria, Illinois 61602
                                                    Telephone:  (309) 671-9600
                                                    Facsimile:   (309) 671-9616
                                                    Email:  mark.walton@mhtlaw.com
                                                              robert.mccoy@mhtlaw.com